## Gangemi v. Gangemi

*Anthony S. Minisi,* for plaintiff.
*Burton Spear,* for defendant.

MONTEMURO, A. J., February 3, 1975.—Plaintiff filed his complaint in divorce on April 11, 1974, which was turned over to the Sheriff of Bucks County for deputized service at an address specified for defendant, who, it was alleged, maintained a residence and is presently residing at Gaudeamus Farm, Point Pleasant Pike, Plumstead Township, Bucks County, Pa.

A return of "not found" was made by the Sheriff of Bucks County on May 23, 1974, and service was made by registered mail (the 1961 rules requiring registered mail, rather than posting, were still in effect). The procedure employed purported to conform to Pennsylvania Rule of Civil Procedure 1124(b).

On August 20, 1974, defendant filed preliminary objections on the grounds, inter alia, that the complaint should have been served under Pa. R. C. P. 1124(a)1, that service could have been made at the residence of defendant known to the sheriff, and, hence, that service by registered mail was improper.

An answer was filed to the preliminary objections

averring that the Sheriff of Bucks County made at least ten attempts to make service. The depositions were taken. The matter was heard before us on October 4, 1974. Although we were convinced that Rule 1124(b) had been literally complied with and that we were confronted with a situation where defendant was deliberately avoiding service, we decided to make an order which could not be circumvented.

We were assured that defendant could be found at her residence on any weekday between the hours of 6 a.m. and 8 a.m. and between the hours of 3 p.m. and 6 p.m. Accordingly, we ordered the reinstatement of the complaint and directed the Sheriff of Bucks County to attempt to make service upon each and every weekday during the stipulated hours until service was made, or the reinstatement period had expired.

On December 12, 1974, Jacob Schulberger, a deputy in the office of Sheriff of Bucks County, submitted an affidavit that he had, on over 25 occasions, attempted to make personal service of the complaint upon defendant, not only at her alleged residence but also at the Doylestown Manor where the affiant was advised that defendant sometimes met her mother; that efforts at making service had been hindered by the presence of six vicious dogs.

In addition to the affidavit, a return of "not found" was made.

An analysis of Pa. R. C. P. 1124 does not support the extreme views urged upon us by counsel for defendant. Plaintiff is permitted to have an order of "not found" entered in any case in which (a) attempts at personal service by the sheriff have failed; (b) where service has not been made by a constable in a county where such service is permitted; (c) where service has not been made by an attorney in cases where the defendant is outside the Commonwealth,

or, in the latter instance, by a registered letter, valid only if the return receipt is personally signed by defendant.

The rule does not specifically confine its use only to the case where defendant resides outside the Commonwealth.

Although one can have but one domicile, he may have many residences, both within and without the Commonwealth. The purpose of the rule is to insure bona fide efforts to make service at a bona fide residence.

The amendment to subsection (b) provides that, if service cannot be made under subdivision (a)(1) or (a)(2) of this rule, and has not been made under subdivision (a)(3) of this rule, and the sheriff or constable has made a return or affidavit of "not found," and if plaintiff has made a good faith investigation to ascertain the present residence and whereabouts of defendant, plaintiff, without reinstatement of the complaint, shall have the right of service by (1) sending a copy of the complaint by registered mail to defendant's last known address, (2) filing an affidavit setting forth the nature and extent of the investigation, and (3) filing an affidavit of the mailing of the complaint.

In the instant case, outside of the assurance given us in the courtroom that defendant lives at Gaudeamus Farm, it has not been shown that it is defendant who resides there and not someone else responsible for the vicious dogs. In any event, we find that, notwithstanding extraordinary efforts to establish the whereabouts of defendant, such whereabouts have not been established and plaintiff may proceed under Pa. R. C. P. 1124(b).

For all the above reasons, we dismissed defendant's preliminary objections.